UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO,<br><br>        Plaintiff,<br><br>    vs.<br><br>HOBART CRANE RENTAL, INC., a corporation, *et al.*,<br><br>        Defendants. | Case No. 2:04CV53 RL |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Deposition [DE 51], filed by International Union of Operating Engineers, Local 150 on April 13, 2005, and on Defendants' Motion for Entry of Protective Order or in the Alternative to Quash Subpoena [DE 53], filed by Defendants Hobart Welding & Fabrication, Inc., Triple "C" Construction Equipment Leasing, LLC, and X-Press Crane Company, LLC ("Defendants") on April 14, 2005. Based on the following, the Court grants the Motion to Compel and denies the Motion for Protective Order.

**PROCEDURAL AND FACTUAL BACKGROUND**

On February 6, 2004, the Plaintiff filed its Complaint in this matter, alleging a breach of settlement agreement between Local 150 and Defendant Hobart Crane, Inc., and alleging that the additional Defendants are liable as alter egos/successors of Hobart Crane, Inc.

In the Court's initial scheduling order, discovery was to close on July 8, 2004. The deadline was extended to November 30, 2004. The Plaintiff listed Steven A. Johnson as a witness in its Rule

26(a) Initial Disclosures.  On July 30, 2004, the Plaintiff issued a subpoena for the deposition of Mr. Johnson, who had previously represented the Defendants and who the Plaintiff believed may have information regarding the alleged settlement agreement between the parties.  Upon receiving the subpoena for the deposition, the Defendants opposed the deposition of Mr. Johnson and indicated to the Plaintiff that they would file a motion to quash the subpoena if necessary.  The parties then agreed that the Plaintiff would postpone the deposition of Mr. Johnson pending the depositions of the party representatives, Mr. Robert Czarny and Ms. Linda Czarny, and the Plaintiff agreed to reevaluate the need to depose Mr. Johnson at that time.

On July 30, 2004, the Plaintiff issued Rule 30(b)(6) deposition notices for Defendants X-Press Crane Company, LLC, Hobart Welding & Fabrication, Inc., and Triple C Construction Equipment Leasing, LLC, scheduling the depositions for August 18, 2004.  The Plaintiff learned that the Rule 30(b)(6) representatives for all three companies were Mr. Czarny and Ms. Czarny but that the depositions would need to be rescheduled.  On October 18, 2004, after consulting with counsel for the Defendant, the Plaintiff issued deposition notices for Mr. Czarny and Ms. Czarny for November 8, 2004.  Again, the Defendants were unable to appear for the depositions, and the depositions of Mr. Czarny and Ms. Czarny were rescheduled for February 18, 2005.

On January 13, 2005, after conducting a status hearing, the Court issued a new scheduling order, setting the discovery deadline for April 1, 2005.  The dispositive motion deadline was set for May 16, 2005.

On either February 16 or 17, 2005, counsel for the Defendants indicated that Ms. Czarny was ill and likely would not appear for her deposition on February 18, 2005.  Pursuant to a request by the Defendants, on February 18, 2005, the parties agreed to begin the deposition of Mr. Czarny at

1:00 p.m., rather than in the morning as initially noticed by the Plaintiff.  On February 18, 2005, unbeknownst to the Plaintiff, Ms. Czarny decided that she would appear for her deposition; however, because her deposition had been previously cancelled and Mr. Czarny's deposition had been rescheduled, only the deposition of Mr. Czarny was taken on that date.  The Plaintiff did not reschedule the deposition of Ms. Czarny on February 18, 2005.  At a later date, Ms. Czarny's deposition was rescheduled for April 8, 2005, by agreement of the parties, although it was to be taken past the discovery deadline.

On April 1, 2005, the last day of discovery, the Plaintiff issued an additional subpoena for Mr. Johnson, because it had become clear to the Plaintiff that his deposition was necessary, and the Plaintiff set the date for the subpoena for April 14, 2005.  On April 6, 2005, upon receipt of the notice, the Defendants again objected to and opposed the subpoena in writing, maintaining the previous objection and additionally referencing the close of discovery.

On April 8, 2005, the Plaintiff took the deposition of Ms. Czarny.

On April 13, 2005, the Plaintiff filed a Motion to Compel Deposition.  On May 2, 2005, the Defendants filed a Response Brief.  The Plaintiff did not file a Reply Brief.

On April 14, 2005, the Defendant filed a Motion for Entry of Protective Order or in the Alternative to Quash Subpoena and a Local Rule 37.1 Certification.  On April 20, 2005, the Plaintiff filed a Response to Defendants Motion for Protective Order or to Quash Subpoena.  On May 2, 2005, the Defendants filed a Reply in Support of Defendants' Motion for Entry of Protective Order or in the Alternative to Quash Subpoena.

The Plaintiff has never agreed not to enforce its subpoena for Mr. Johnson.  The Defendants have maintained their objection to the taking of Mr. Johnson's deposition.

**DISCUSSION**

In the Motion to Compel, the Plaintiff seeks an order of the Court compelling the deposition of Mr. Johnson. In opposition to the Motion to Compel and in the Motion for Entry of Protective Order or in the Alternative to Quash Subpoena, the Defendants argue that the deposition was noticed for a date beyond the close of discovery and, therefore, should not be permitted. Notably, the Defendants do not present any substantive arguments in opposition to the taking of Mr. Johnson's deposition, but rather rely solely on the procedural violations of the Plaintiff.

In relation to the Plaintiff's Motion to Compel, Federal Rule of Civil Procedure 37 provides, in relevant part, that "[a] party . . . may apply for an order compelling disclosure or discovery . . . [i]f a deponent fails to answer a question propounded or submitted under Rules 30 or 31." Fed. R. Civ. P. 37(a)(2)(B). Federal Rule of Civil Procedure 30 provides, in relevant part: "A Party may take the testimony of any person . . . by deposition upon oral examination without leave of court." Fed. R. Civ. P. 30(a)(1).

The Defendant brings its Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Rule 26(c) provides, in relevant part:

> Upon motion by a party or by the person from whom discovery is sought . . . the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that the disclosure or discovery not be had . . . .

Fed. R. Civ. P. 26(c). Federal Rule of Civil Procedure 26(b)(2) allows the Court, on its own initiative or pursuant to a motion under Rule 26(c) to limit the permissible discovery if the Court

4

determines that "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2).

### A. Rules Violations

As an initial matter, the Court recognizes that the Plaintiff did not comply with Federal Rule of Civil Procedure 37(a)(2)(A), Local Rule 37.1, and Local Rule 7.1(b) in the filing of its Motion to Compel.

Local Rule 37.1(a)-(c) provides that

> [a]ny certification required to be made under Fed. R. Civ. P. 26(c), 37(a)(2)(A), 37(a)(2)(b), and 37(d) shall recite, in addition to the information required under the appropriate Federal Rule, the date, time, and place of the conference or attempted conference and the names of all persons participating therein.

Local R. 37.1. Local Rule 37.1(c) further provides that the certification required under subsection (a) shall be made in a separate document filed contemporaneously with the motion and that the Court may deny any motion described under subsection (a) if the certification has not been filed. The Plaintiff has not provided this certification. Moreover, this is the second time the Plaintiff has failed to file the requisite certification. On December 28, 2004, the Court denied without prejudice the Plaintiff's Motion to Compel filed on November 22, 2004, on the basis that the Plaintiff failed to provide this certification. However, because of the time frame in which these motions are being considered and in the interests of justice, the Court will not deny the motion on this basis because the Court would allow the Plaintiff to refile the motion with the appropriate certification, which would only serve to delay the deposition at an already late stage of the litigation.

In addition, the Plaintiff has not complied with Local Rule 7.1(d), which provides in relevant part: "Any . . . motions made pursuant to Fed. R. Civ. P. 37 . . . shall be accompanied by a separate

5

supporting brief." The Plaintiff has not provided a separate brief in support of its Motion to Compel. The Court also notes that the Plaintiff failed to cite any law regarding the standard for a motion to compel or in support of its position on the motion to compel. Nevertheless, although the Plaintiff has violated the Rule, and in the future, the Court may not be so lenient, the Court will not deny the motion to compel on this technical ground because the Plaintiff has incorporated its arguments in its motion.

### B. Timing of the Motion to Compel

The Plaintiff noticed the deposition of Mr. Johnson to be taken after the expiration of the discovery period. The Plaintiff re-issued the subpoena for Mr. Johnson on April 1, 2005, the last day of the discovery period, and noticed the deposition to take place on April 14, 2005, two weeks after the expiration of the discovery period.

Pursuant to Federal Rule of Civil Procedure 16(b), the Court issued a scheduling order, and on January 13, 2005, subsequent to a telephonic conference during which the parties participated in setting new dates, the Court revised its scheduling order. More specifically, pursuant to Rule 16(b)(3), the Court included a time limit for the completion of discovery of April 1, 2005. *See* Fed. R. Civ. P. 16(b)(3). Federal Rule of Civil Procedure 26(a)(5) provides that depositions are a form of discovery. *See* Fed. R. Civ. P. 26(a)(5). Accordingly, Mr. Johnson's deposition is subject to the discovery deadline. Discovery deadlines are set by the Court with the agreement of the parties, and it is intended that parties strictly adhere to the deadlines.

In *NIPSCO v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423 (N.D. Ind. 1986), the court granted the plaintiff's motion for a protective order, which sought relief from responding to written

discovery served by the defendant on the last day of the discovery period.  The Court held that discovery must be completed within the time established by the court, which includes serving requests for written discovery with sufficient time for the responses to be filed within the discovery period.  *See id.*, 112 F.R.D. at 424.  The court in *Westmoreland* reasoned:

> When the court sets a date for the termination of discovery, the parties should heed the logical import of such a deadline: the parties should complete discovery on or before that date and will not receive the benefit of court supervision of discovery which is to occur after that date. The defendant has presented no special circumstances that justify an exception to that rule in this case.

*Id*. at 424; *see also Dreyer v. GACS Inc.*, 204 F.R.D. 120, 123 (N.D. Ind. 2001) ("[T]o allow a party to continue with formal discovery . . . recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial.") (internal citations and quotation marks omitted)); *EEOC v. United States Steel*, 1988 WL 155942, at *1 (N.D. Ind. 1988) (holding that the plaintiff would not receive the benefit of court supervision to obtain discovery after the deadline when the plaintiff had almost a month prior to the close of discovery to seek court assistance yet waited until the close of discovery to file the motion to compel).  Similarly, in this case, the Plaintiff served discovery, a subpoena for a deposition, on the last day of the discovery period, yet the deposition could not have been completed within the discovery period as it was set for April 14, 2005, two weeks after the close of discovery.

      Nevertheless, the Court finds that the circumstances in this case favor granting the motion to compel.  First, the Plaintiff made multiple attempts to take the depositions of Mr. Czarny and Ms. Czarny, after initially issuing the subpoena for Mr. Johnson in July 2004 and then agreeing to postpone his deposition until after the depositions of Mr. Czarny and Ms. Czarny were taken.

7

Without addressing the fault of either party in the delay in taking the Czarny depositions, the Court notes that the deposition of Mr. Czarny was ultimately taken on February 18, 2005, and the deposition of Ms. Czarny was postponed until April 8, 2005, by agreement of the parties. Notably, the parties agreed to conduct the deposition of Ms. Czarny beyond the conclusion of the discovery period, which ended April 1, 2005. Notwithstanding any substantive objections the Defendants may have had to the taking of Mr. Johnson's deposition, it does not seem unreasonable that, by noticing the deposition of Mr. Johnson within the discovery period, the Plaintiff believed that it would be permitted to conduct his deposition shortly after the close of discovery based on the agreement of the parties relating to the deposition of Ms. Czarny. Although the Defendants maintained their objection to the taking of Mr. Johnson's deposition throughout the discovery period, the Defendants did not file a motion for protective order or a motion to quash the subpoena prior to the motion filed on April 14, 2005, based on the prior understanding of the parties. The Defendants were aware throughout discovery that the Plaintiff might decide to take the deposition of Mr. Johnson after completing the depositions of Mr. Czarny and Ms. Czarny.

The Defendants argue that the Plaintiff clearly did not need to take the depositions of both Mr. Czarny and Ms. Czarny in order to determine whether it also needed Mr. Johnson's deposition because the Plaintiff noticed the deposition of Mr. Johnson after only taking the deposition of Mr. Czarny. However, the Plaintiff noticed the deposition of Mr. Johnson on April 1, 2005, within the discovery period, but noticed the deposition for April 14, 2005, which was after the deposition of Ms. Czarny was to be taken. The same reliance by the Plaintiff on the parties' prior agreement to take Ms. Czarny's deposition after the discovery deadline justifies the Plaintiff not seeking an extension of the discovery deadline from the Court for the purpose of taking Mr. Johnson's

8

deposition beyond the discovery deadline.  In addition, the Plaintiff filed its Motion to Compel on April 14, 2005, after Ms. Czarny's deposition had been taken on April 8, 2005, reaffirming the Plaintiff's desire to take Mr. Johnson's deposition after having completed the depositions of Mr. Czarny and Ms. Czarny to determine if Mr. Johnson's deposition was necessary.  Although the Plaintiff had ample opportunity to notice the deposition of Mr. Johnson earlier in the discovery process, the Plaintiff had agreed with the Defendants to postpone that deposition until the depositions of Mr. Czarny and Ms. Czarny were completed.  For a variety of reasons, the depositions of Mr. Czarny and Ms. Czarny were continued on numerous occasions, explaining the Plaintiff's postponement of Mr. Johnson's deposition.

Although the Plaintiff could have better protected itself by seeking permission of the Court to take Mr. Johnson's deposition after the close of discovery in light of the Plaintiff's knowledge that the Defendants opposed the deposition of Mr. Johnson on some basis other than the procedural ones raised in the Motion for Protective Order before the Court, the Plaintiff was on no notice that the Defendants would object on procedural grounds in light of the agreement to take Ms. Czarny's deposition after the expiration of discovery and the Defendants' knowledge that the Plaintiff was postponing Mr. Johnson's deposition until the completion of Mr. Czarny and Ms. Czarny's depositions.  Accordingly, the Court finds that the Plaintiff should not be prevented from taking Mr. Johnson's deposition on the procedural grounds offered by the Defendants in response to the Motion to Compel and in support of their Motion for Protective Order.

## CONCLUSION

Based on the foregoing, the Court now **GRANTS** the Plaintiff's Motion to Compel Deposition [DE 51] and **DENIES** the Defendants' Motion for Entry of Protective Order or in the Alternative to Quash Subpoena [DE 53].

So ORDERED this 19th day of May, 2005.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record